**UNITED STATES DISTRICT COURT**
**DISTRICT OF MAINE**

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| V. ) | Criminal No. 2:20-mj-142-JHR |
| ) | |
| ABDIKAREEM HASSAN ) | |
| ) | |

**REPLY BRIEF**

NOW COMES Defendant, by and through Counsel, and submits this Reply Brief as follows.

**Reply #1.** In its Brief, the Government does not view the holding in United States v. Charles, 456 F.3d 249, 255 (1st Cir.2006) as applicable or binding on the instant case. However, this Court is part of the First Circuit, thus Charles is binding authority. Charles requires proof of five elements:

> To commit a violation of 18 U.S.C. § 111(a), the defendant must (1) forcibly; (2) assault, resist, oppose, impede, intimidate, or interfere with; (3) a designated federal officer; (4) while engaged in or on account of the performance of official duties. In addition, the defendant must (5) have the intent to do the acts specified. See United States v. Arrington, 309 F.3d 40, 44 (D.C. Cir.2002).

The first element ("forcibly") and the fifth element ("intent") can both be construed as requiring specific intent. In United States v. Caruana, 652 F.2d 220 (1981), the trial Court's Jury Instructions states in part:

> The indictment charges that the defendant acted forcibly and thus there must be an ability and a specific intent to inflict harm by the use of force.

Caruana at 223. (Emphasis added).

Accordingly, "forcibly" requires proof of specific intent. Moreover, the fifth element, "intent", also requires specific intent by its plain language and meaning.

**Reply #2.** On page 4 of the Government's Brief, the Government correctly points out that Judge Torresen held that 18 U.S.C. § 111(a) requires proof of "specific intent". See United States v. Jellison, Criminal No 2:12-cr-0051-NT. In the context of a requested Jury Instruction that intoxication is a defense to a specific intent crime, the Court stated:

> Well, you know, this is sort of the million dollar question, and I ruled that I think under the Caruana case that at least on some of the prongs charged there is a requirement in the First Circuit for specific intent, and I am going to give that instruction.

United States v. Jellison, Criminal No 2:12-cr-0051-NT, (Jury Instructions at 14. (Emphasis added).

Judge Torresen's ruling that the statute requires specific intent is likely binding authority on this Court. The case cited by Judge Torresen in her ruling on specific intent is United States v. Caruana, 652 F.2d 220 (1981).

**Reply #3.** On page 5 of its Brief, the Government asserts that Caruana "did not consider, much less resolve, the threshold issue of whether 18 U.S.C. § 111(a) was a general or specific intent crime." This is because the parties understood the statute was a specific intent crime. In fact, the primary issue on appeal was whether there was enough evidence to support specific intent:

    The principal point raised in each motion was the alleged lack of sufficient evidence of defendant's specific intent. <u>Caruana</u> at 221.

    In <u>Caruana</u>, two FBI agents went to Caruana's residence to serve him with a Grand Jury Subpoena. <u>Caruana</u> at 221. Caruana allowed his two Doberman Pincher dogs on the porch with the agents while Caruana remained inside his home behind a closed door. <u>Caruana</u> at 222. Caruana watched his dogs attack the agents; laughed as the agents were attacked; "looked as if he was enjoying himself"; did nothing to call the dogs off despite repeated requests from the agents; and Caruana did not attempt to aid the agents with their injuries. <u>Caruana</u> at 222.

    The Court held that based on "the foregoing evidence a jury could find beyond a reasonable doubt that it was the specific intent of Caruana to intimidate the two FBI agents while they were engaged in the performance of their official duties." The Government did not argue that specific intent was not an element because it understood that specific intent was the dispositive issue of the crime.

    **Reply #4.** The sole case the Government cites in the Frist Circuit to support general intent is <u>United States v. Masaoud</u>, 17-CR-173-JD out of the District Court of New Hampshire. The Court in <u>Massaoud</u> ruled on a Motion to Dismiss and did not involve an actual trial with jury instructions. It is noteworthy that the <u>Masaoud</u> Court Order fails to cite <u>United States v. Charles</u>, 456

F.3d 249, 255 (1st Cir.2006), which is the arguably the leading case on the elements of the statute. It is not clear why Charles is not cited, but the omission suggests that Masaoud has little precedential value.

**Conclusion**

United States v. Charles, 456 F.3d 249 (1st Cir.2006); United States v. Caruana, 652 F.2d 220 (1981) and United States v. Jellison, Criminal No 2:12-cr-0051-NT are all binding precedent on the instant case that Title 18 USC §111(a)(1) requires proof of specific intent.

Dated: March 10, 2021

                                 /s/   James S. Hewes
                                         Attorney for Defendant
                                         Jhewes@Maine.rr.com

169 Ocean Street, Suite 207
South Portland, Maine 04106

**Certificate of Service**

I hereby certify that on 3/10/21, I electronically filed the within *Reply Brief* with the Clerk of Court using the CM/ECF system which will send notification of such filing to Lindsay Feinberg, Esquire.

                                 /s/   James S. Hewes
                                         Attorney for Defendant
                                         Jhewes@Maine.rr.com