## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| v. ) | **Docket No. 2:20-mj-00142-JHR** |
| ) | |
| **ABDIKAREEM HASSAN,** ) | |
|     Defendant. ) | |
| ) | |

## UNITED STATES' SUPPLEMENTAL REPLY BRIEF

Consistent with the Court's instructions, the Government now submits its supplemental reply brief, which addresses the arguments made by Hassan in his supplemental brief. In his supplemental brief, Hassan insists that assault on a federal officer is specific intent crime, alleging: (1) the jury charge in *United States v. Jellison*, 2:12-cr-00051-NT-1 references both willfulness and specific intent; (2) the First Circuit Pattern Jury Instructions on "willfully" state that "specific intent is preferred[;]" (3) in *United States v. Charles*, 456 F.3d 249 (1st Cir. 2006), the First Circuit states that the modifier "forcibly" must be proven with respect to any of the prohibited actions, which is indicative of a specific intent crime; and (4) when intent is an element of the offense, the offense is a specific intent crime (ECF No. 29 at 6). None of Hassan's four claims pass muster.

As to Hassan's first claim, the jury instructions in *Jellison* are not dispositive because the district court's decision about how to charge the jury in *Jellison* is not binding. "A decision of a federal district court judge is not binding precedent in either a different judicial district, the same judicial district, or even upon the same judge in a different case." *Camreta v. Greene*, 563 U.S. 692, 709 n.7 (2011) (quoting 18 J. Moore et al., Moore's Federal Practice § 134.02[1][d], p. 134-26 (3d ed. 2011)). Nor is the district court's decision persuasive. This is because the jury instructions in *Jellison* rely on a flawed interpretation of the First Circuit's decision in *United States v. Caruana*, 652 F.2d 220 (1st Cir. 1981), and because the jury instructions in *Jellison*

1

contradict on-point persuasive authority from six different circuit courts, all of which have concluded that assault on a federal officer is a general intent crime. *See, e.g., United States v. Masaoud*, 17-cr-173-JD, 2018 WL 1401795, at *1-2 (D.N.H. Mar. 19, 2018) (collecting circuit court cases and holding same).

As to Hassan's second claim, his reliance on the First Circuit Pattern Jury Instructions is misplaced. "[A] compilation of pattern instructions is merely an informal guide, which 'does not in any way curtail' the 'wide discretion' enjoyed by a district court to 'instruct in language that it deems most likely to ensure effective communication with jurors.'" *Teixeira v. Town of Coventry by & through Przybyla*, 882 F.3d 13, 18 (1st Cir. 2018) (quoting *United States v. Gomez*, 255 F.3d 31, 39 n.7 (1st Cir. 2001)). "Though pattern instructions may be a useful reference point, they are not binding." *Id*. See also First Circuit Pattern Jury Instructions, Preface, p.7 (emphasizing that "no district judge is required to use the pattern instructions, and that the Court of Appeals has not in any way approved the use of a particular instruction"). Further, even the isolated snippet of the commentary to the definition of "willfully" on which Hassan relies, states that specific intent is *preferred*, and not *mandatory*. First Circuit Pattern Jury Instructions, 2.17 Definition of "Willfully," p. 50, cmt.(1).

As to Hassan's third and fourth claims, these claims suffer from two fatal flaws. The first fatal flaw with Hassan's remaining claims is that they sidestep the text of 18 U.S.C. § 111(a)(1) and its surrounding provisions as well as the congressional intent behind 18 U.S.C. § 111(a)(1). Nowhere in the text of 18 U.S.C. § 111(a)(1) does Congress specify the requisite mental state where, as here, the prohibited action involves physical contact with the victim. The lack of any express language making assault on a federal officer a specific intent crime is significant given that Congress includes such express language in neighboring statutory provisions. *Compare* 18

U.S.C. § 113(a)(1) (statutory subsection expressly prohibits "assault with intent to commit murder"), *with* 18 U.S.C. § 111(a)(1) (statutory subsection does not specify required mental state "where such acts involve physical contact with the victim of that assault"). Because the congressional intent behind 18 U.S.C. § 111(a)(1) is to criminalize a wide range of assaultive or obstructive actions against current federal officers and employees either engaged in or on account of their official duties without specifying the requisite mental state when those acts involve physical contact with the victim, artificially restricting the scope of 18 U.S.C. § 111(a)(1), as Hassan urges, requires the Court to ignore the text of the statute and its surrounding statutory provisions as well as the congressional intent behind 18 U.S.C. § 111(a)(1).

The second fatal flaw with Hassan's remaining claims is that they ignore the relevant case law. Neither the Supreme Court nor the First Circuit has resolved whether assault on a federal officer requires a showing of general or specific intent, but both the Supreme Court and the First Circuit have implied that establishing the requisite mental state under 18 U.S.C. § 111(a)(1) is a relatively low bar. *See United States v. Feola*, 420 U.S. 671, 686 (1975) (stating "in order to incur criminal liability under [18 U.S.C. § 111] an actor must entertain *merely* the criminal intent to do the acts therein specified"); *United States v. Charles*, 456 F.3d 249, 255 (1st Cir. 2006) (echoing *Feola* and stating "the defendant must have the intent to do the acts specified"). Indeed, Hassan's remaining claims contradict the limited statements that Supreme Court and the First Circuit have made about the requisite mental state under 18 U.S.C. § 111(a)(1).

Hassan also fails to grapple with the fact that the Fourth, Sixth, Seventh, Ninth, Eleventh, and D.C. Circuits have all concluded that assault on a federal officer is a general intent crime. *See United States v. Gonzalez-Hernandez*, 657 F. App'x 658, 660 (9th Cir. 2016) (citing *United States v. Sanchez*, 914 F.2d 1355, 1358 (9th Cir. 1990)); *United States v. Brown*, 592 F. App'x 164, 166

(4th Cir. 2014) (citing *United States v. Williams*, 604 F.2d 277, 279 (4th Cir. 1979)); *United States v. Gutierrez*, 745 F.3d 463, 470-71 (11th Cir. 2014) (citing *United States v. Ettinger*, 344 F.3d 1149, 1160 (11th Cir. 2003)); *United States v. Graham*, 431 F.3d 585, 588-89 (7th Cir. 2005); *United States v. Kimes*, 246 F.3d 800, 805-09 (6th Cir. 2001); *United States v. Kleinbart*, 27 F.3d 586, 592 (D.C. Cir. 1994). Additionally, Hassan's remaining claims do not address the ways in which the Supreme Court's decisions in *Feola* and *Elonis* further bolster the conclusion that 18 U.S.C. § 111(a) is a general intent crime. The failure to acknowledge, much less distinguish, almost all the relevant case law strikes the final blow to Hassan's third and fourth claims.

For the foregoing reasons, the Government asks the Court to conclude that assault on a federal officer is a general intent crime and that sufficient probable cause exists to require Hassan to appear for further proceedings.

Respectfully submitted, this 10th day of March, 2021.

                                        DONALD E. CLARK
                                      ACTING UNITED STATES ATTORNEY
                                      DISTRICT OF MAINE

By:    *s/ Lindsay B. Feinberg*
        Lindsay B. Feinberg
        Assistant United States Attorney
        United States Attorney's Office
        100 Middle Street, East Tower
        Portland, Maine 04101
        (207) 780-3257
        Lindsay.Feinberg@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on March 10, 2021, I electronically filed the United States' Supplemental Reply Brief with the Clerk of Court using the Court's CM/ECF system, which will serve a copy of the same on all parties of record.

This the 10th day of March, 2021.

                                      DONALD E. CLARK
                                      ACTING UNITED STATES ATTORNEY
                                      DISTRICT OF MAINE

By:    *s/ Lindsay B. Feinberg*
        Lindsay B. Feinberg
        Assistant United States Attorney
        United States Attorney's Office
        100 Middle Street, East Tower
        Portland, Maine 04101
        (207) 780-3257
        Lindsay.Feinberg@usdoj.gov